## COMMONWEALTH *vs.* MICHAEL McCORMACK.
### SAME *vs.* AARON WHITNEY.

If a criminal case has been brought by appeal from the decision of a magistrate to the superior court, and the complaint is sufficient upon its face, a misrecital of it by the magistrate in the record of his judgment furnishes no ground for dismissing the complaint or arresting judgment.

THE *first* case was a complaint, the first two counts of which charged the defendant with single sales of intoxicating liquors, and the third count, with being a common seller thereof, in violation of law.

The magistrate certified in the record of his judgment that the defendant was found guilty on a complaint setting forth that the defendant " with force and arms, was a common seller," &c. The words " with force and arms " were not in the complaint, a copy of which was sent up with the other papers; and for this reason, at the trial in the superior court, before *Russell,* J., the defendant before verdict asked that the complaint might be dismissed, which request was refused; and after a verdict of guilty moved in arrest of judgment, but the motion was overruled. The defendant alleged exceptions.

In the *second* case, the defendant was convicted before a magistrate of being a common seller of intoxicating liquors on the third count of a complaint, the first two counts of which charged him with making single sales. The magistrate in his record set forth simply that the defendant was tried upon a complaint charging him with being a common seller, &c. A copy of the complaint was sent up with the other papers. After a verdict of guilty in the superior court, on appeal, the defendant moved in arrest of judgment, on the ground that the record showed that the complaint upon which the defendant was tried before the magistrate was not the same with that upon which he was tried in the superior court; but the motion was overruled, and the defendant appealed to this court.

*A. W. Boardman,* for the defendant McCormack.

*W. Colburn,* for the defendant Whitney.

*Foster*, A. G., for the Commonwealth.

BY THE COURT. The magistrate in each of these cases has sent up a copy of the complaint upon which the defendant was tried, and his judgment thereon, as a part of the record of the case. The complaint is sufficient to authorize the verdict and a judgment thereupon in the superior court upon the appeal. If the magistrate in his judgment misrecites the complaint, or makes a defective or erroneous judgment upon it, the appeal avoids the judgment, and gives the defendant his full rights in the court above. There is no error in the record of the defendant's conviction in that court.        *Exceptions overruled.*